UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JESSE J. MCCRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV1939 RWS |
| | ) | |
| PHILIP J. WENGER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff's first amended complaint. Because plaintiff is a prisoner proceeding in forma pauperis, I must review the amended complaint and dismiss it if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). After reviewing the complaint, I have determined that it must be dismissed.

### Plaintiff's allegations

Plaintiff brings this official-capacity suit under 42 U.S.C. § 1983 against two physicians employed by the St. Louis County Justice Center (the "Justice Center"). Plaintiff alleges that defendants have failed to adequately treat his chronic back pain. He says he requested an extra mattress and "walking aids," and his request was denied. He asserts that other doctors have deemed these treatments necessary. He also claims he needs stronger pain medication.

Plaintiff alleges that he also developed knee pain that became so painful that he could not walk. He asked for an MRI on his knees, and defendants refused. After two weeks, however, defendants sent him for an MRI on his back, which revealed a pinched nerve. Plaintiff avers that it required surgery, but he says that defendant Rottnek told him he would not allow him to have

the surgery and told him he should make bond. Plaintiff says he is continuing to suffer unnecessary pain.

## Discussion

When I reviewed the initial complaint, I instructed plaintiff that it failed to state a claim because he failed to sue these municipal defendants in their individual capacities. The first amended complaint fails to state a claim for the same reason.

Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the amended complaint fails to state a claim upon which relief can be granted.

Because I have already instructed plaintiff about this pleading requirement and provided him a chance to amend, I will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice because it fails to state a claim upon which relief can be granted.

An Order of Dismissal will be filed separately.

Dated this 19th day of December, 2014.

／s／ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE